## BLACKWELL *et als. v.* ATKINSON *et als.*

GENERALLY, a vendor with warranty of title, is not a competent witness for his
vendee in a controversy concerning the title.

If the action concern the title to personal property, the vendor is a competent
witness for a second, or any subsequent, vendee, the objection going only to his
credibility.

But in real estate, the covenant of warranty runs with the land, and the vendor is
liable directly to the person evicted, and is not a competent witness for plain-
tiff.

APPEAL from the Eleventh District.

Suit for possession of a mining claim, averring plaintiffs to be
the owners, and that defendants have ousted them of a portion
of the claim.   Defendants deny plaintiffs' ownership, and aver,
that none of them, except Blackwell, ever owned any interest
in said claim, until a short time before this suit; and, that, al-
though Blackwell did, with others, once own the whole claim,
he had abandoned it for a long period; that defendants then
took up, according to the mining regulations of the district, the
portion of the claim in suit.   They further aver, that the plain-
tiffs, other than Blackwell, never did buy the portion held by
defendants; that, in fact, their vendors never intended to sell
such portion.

The Court below, a jury being waived, found the allegations
of the complaint to be true, and the allegations of the answer to
be untrue, with an exception not material.

Judgment for the claim and one thousand dollars damages.
Defendants appeal, motion for new trial having been overruled.

*John Hume,* for Appellant, cited : 1 Greenl. Ev. Secs. 386, 392,
393, as to the incompetency of Bowman as a witness.

COPE, J. delivered the opinion of the Court—BALDWIN, J. and
FIELD, C. J. concurring.

On the trial of this case, one Bowman was examined as a wit-
ness on behalf of the plaintiffs.   During his examination he
stated that he once owned an interest in the mining claims in
controversy, but had sold the same to one Bothwell, and had
given a bill of sale, in which he guaranteed the title.   Bothwell
had sold to one of the plaintiffs, and had also given a warranty

of title.    The question is, whether Bowman was incompetent by reason of his interest.

Section 392 of the Practice Act provides, that no person offered as a witness shall be excluded on account of his interest in the event of the action, unless such interest be present, certain, and vested.    The next section provides that "the true test of the interest of a person, which shall render him incompetent as a witness, shall be that he will gain or lose by the direct legal operation and effect of the judgment, or that the record of the judgment will be legal evidence for or against him in some other action." (Wood's Digest, 217.)

These provisions are merely declaratory of the common law. " The *true test of the interest* of a witness is," says Greenleaf, "that he will either gain or lose by the direct legal operation and effect of the judgment, or, that the record will be legal evidence for or against him in some other action. It must be a present, certain, and vested, interest, and not an interest uncertain, remote, or contingent." (1 Greenl. Ev. Sec. 390.) It is well settled that a vendor with warranty of title, is not in general competent as a witness for his vendee in any controversy concerning the title. Where the action concerns the title to personal property, the rule seems to be that the vendor is a competent witness for a second or any subsequent vendee, the objection going only to his credibility.    The reason is that the vendor is liable upon his warranty only to his immediate vendee, and his interest is, therefore, of too remote and contingent a character to constitute a legal disqualification, however much it may detract from the credibility of his testimony.    But the reason of the rule and consequently the rule itself, have no application where the controversy concerns the title to real estate. In the latter case, the covenant of warranty runs with the land, and the liability of the vendor is directly to the person evicted, and not exclusively to his vendee.    His interest in the event of the controversy is, therefore, a present, certain, and vested, interest.    He is bound by his covenant to defend the title or pay the value of the land, and he will not only gain or lose by the direct legal operation and effect of the judgment, but the record of the judgment will be legal evidence for or against him in any subsequent action for a breach of the covenant.    There is nothing in the present case

to distinguish it from an ordinary sale of real estate with warranty of title; and it follows that Bowman was improperly admitted as a witness on behalf of the plaintiffs.

Judgment reversed, and the cause remanded for a new trial.