EDWIN A. LAWRENCE *v.* ZACK MONTGOMERY AND JOHN EVOY, ADMINISTRATORS WITH THE WILL ANNEXED OF THE ESTATE OF BRIDGET M. EVOY, DECEASED, AND JOSEPH D. MULLIKEN.

DEFECTIVE COMPLAINT.—If a complaint improperly unites two causes of action, or is ambiguous and uncertain, the defect must be taken advantage of by demurrer, or it is waived.

PARTY PLAINTIFF IN ACTION FOR DECEIT.—An action for deceit in the sale of land to which the grantor had no title, should be brought by all the grantees jointly, unless there has been a conveyance of the cause of action to the plaintiff. A conveyance by one of the grantees to the others, of his interest in the *land*, does not assign the cause of action for deceit, so as to enable the assignees to sue for the deceit in their names.

ACTION FOR DECEIT.—An action for deceit is a personal action founded on fraud, and not upon any covenant in the deed running with the land.

PERSONAL COVENANT IN DEED.—A covenant in a deed, whether express or implied by law, that the grantor has not sold or incumbered the land, is a personal covenant and does not run with the land.

PLAINTIFFS IN SUIT UPON COVENANTS IN A DEED.—All the grantees should join as plaintiffs in an action upon either a direct or implied covenant in a deed that the grantor has not sold or incumbered the land, or that he is seized of and has a right to convey the same. A deed of the *land* by one of the grantees to another does not convey to him the cause of action upon such covenant.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The complaint averred that Bridget M. Evoy, the testatrix, on the 26th day of April, 1865, was indebted to the plaintiff and John A. Woodson in the sum of five hundred dollars, and, to pay three hundred dollars thereof, on said day made and delivered to them the following deed:

"This indenture, made the 26th day of April, in the year of our Lord one thousand eight hundred and sixty-five,

between Joseph D. Mulliken and Bridget M. Evoy, parties of the first part, and E. A. Lawrence and John A. Woodson, parties of the second part, witnesseth: That the said parties of the first part, for and in consideration of three hundred ($300) dollars, gold coin of the United States of America, to them in hand paid, the receipt whereof is hereby acknowledged, have granted, bargained, sold, remised, conveyed, and quitclaimed, and by these presents do remise, convey, grant, bargain, sell, and quitclaim unto the said parties of the second part, and to their heirs and assigns, all the right, title, and interest of the said parties of the first part in and to all that piece or parcel of land situate, lying, and being in the City and County of San Francisco, State of California, described as follows, to wit: Commencing (108) one hundred and eight feet (9) nine inches distant from the southeast corner of Vallejo and Franklin streets, at a point on the south side of Vallejo street, and running thence along the said south side of Vallejo street eighty (80) feet; thence south, at right angles with the east line of Franklin street (137) one hundred and thirty-seven feet; thence east, and parallel with first line, (80) eighty feet; thence in a direct line (137) one hundred and thirty-seven feet, to the place of beginning; being in Block One Hundred and Nineteen, as laid down on the official map of the City and County of San Francisco, California. Together with all and singular the tenements, hereditaments, and appurtenances thereunto belonging, rents, issues, and profits thereof. To have and to hold all and singular the said premises, together with the appurtenances, unto the said parties of the second part, their heirs and assigns forever.

"In witness whereof, the said parties of the first part have hereunto set their hands and seals, the day and year first above written.

"JOSEPH D. MULLIKEN, [SEAL.]

"B. M. EVOY,            [SEAL.]"

It is further averred that J. D. Mulliken joined in the deed

at the request of said Bridget, merely because he was her tenant, residing on the land, but that he had no interest in it, and that on the 6th day of March, 1867, said Woodson sold and transferred to plaintiff all his interest in the premises acquired by said deed of conveyance, and that prior to said conveyance from said Bridget to plaintiff and Woodson, to wit: on the 17th day of December, 1861, she had sold and conveyed the premises to her daughter, Margaret McCourtney, which fact she concealed from plaintiff and Woodson, and that at the time of the conveyance to them she had no title to convey, and her deed was void. There was a further averment that Mrs. Evoy departed this life in 1868, and that defendants Montgomery and Evoy were the administrators, with the will annexed, of her estate, and that the claim had been presented to them and rejected.

The defendants, the administrators, demurred, upon the ground, among others, that there was a defect of parties plaintiff, because said Woodson was not joined as plaintiff.

The Court below sustained the demurrer and dismissed the action, and the plaintiff appealed.

The other facts are stated in the opinion of the Court.

*E. A. Lawrence, in pro. per.*

This case does not rest merely upon the breach of the covenants in the deed, but for the fraud and deceit practised upon plaintiff by selling to him lands which Mrs. Evoy had previously sold. In *Marshall* v. *Buchanan*, 35 Cal. 264, this Court says: "That an action lies for a false and fraudulent representation, whereby another has suffered damage, may be stated as a general proposition which is too familiar to require comment." (See *Frost* v. *Raymond*, 2 Caine, 193; *Dikes* v. *Miller*, 24 Texas, 417; *Wardell* v. *Davis*, 13 Johns. 325.) The deed is not a mere quitclaim; it conveys an estate of inheritance. (*Muller* v. *Boggs*, 25 Cal. 175; 12 Wend. 91; *Deering* v. *Long Wharf*, 12 Shepl. 51.)

The transfer from Woodson to plaintiff was proper, and assigned the cause of action. Every cause of action arising out of tort which survives to the representative is assignable. (*Boyd* v. *Blankman*, 29 Cal. 19.) Claim for damages caused by trespass to land is assignable. (*More* v. *Massine et al.*, 32 Cal. 590; *Layard* v. *Wheeler*, 22 Cal. 139.) It would not be pretended that in case of Woodson's death the cause of action for the breach of the covenants, or the action for deceit, would die with him. It would survive to his personal representatives, as in *Boyd* v. *Blankman*. (Voorhees' N. Y. Code, 76a, et seq.; *Hodgman* v. *Western R. R. Co.*, 7 How. Pr. 493; *Merchants' Insurance Co.* v. *Eaton*, 11 Leg. Ob. N. Y. 140.)

*Z. Montgomery, in pro. per.*, for Respondents.

We contend that the deed set out in plaintiff's complaint does contain express terms which restrain and limit the meaning which the statute would otherwise give to the words "grant, bargain, and sell;" for it will be observed that, coupled with these terms, is also the word "quitclaim," showing that the grantees intended nothing more than a quitclaim deed. It will also be remarked that this deed does not purport to convey the land itself, but only "the right, title, and interest" of the grantors; and this Court has repeatedly recognized the broad distinction between a deed purporting to convey the land itself, and a deed which only purports to convey the "right, title, and interest" of the grantor. (*Gee* v. *Moore*, 14 Cal. 472.)

There was also a defect of parties plaintiff in the non-joinder of Woodson, one of the grantees. "A covenant against incumbrances does not run with the land, and an action for a breach thereof cannot be maintained by the assignee of the grantee." (See *Clark* v. *Swift*, 3 Met. 390; *Heath* v. *Whidden*, 11 Shep. 383.) "The covenants of seizin, right to convey, and against incumbrances, are broken, if ever, at the time of making, and cannot pass to the covenantee's assignee." (*Moore* v. *Merrill*, 17 N. H. 75.)

But even if the covenant had been of a character to run with the land, still, being broken, if at all, at the time of making the deed, and before date of deed from Woodson to Lawrence, Woodson must sue, so far as his interest is concerned, and not his grantee, because the "assignee of a covenant running with the land cannot maintain an action for a breach thereof accruing before the assignment." (*Shelton* v. *Codman*, 3 Cush. 318.)

Again: "The only covenant implied by the words 'grant, bargain, and sale' which runs with the land is the covenant of further assurance; an action does not lie for a breach of the other implied covenants by an assignee." (*Collyer* v. *Gamble*, 10 Miss. 467.)

By the Court, CROCKETT, J.:

It is somewhat difficult to determine whether this action is based upon an alleged breach of the implied covenants in the deed from Evoy to Lawrence and Woodson, or upon the alleged fraudulent representations of Evoy as to the title. In one part of the complaint we find an averment "that by virtue of the covenants of said deed said Bridget M. Evoy covenanted and agreed that she had title to said premises, and the right to convey the same, and that she had not, prior thereto, conveyed the same to any person except to said plaintiff and Woodson." In another part is an averment that Mrs. Evoy represented to Lawrence and Woodson that she was the owner of the premises described in the deed, and that, "relying solely upon the said representations," they accepted and received the deed in part payment of an antecedent debt due to them from her, and that they afterwards discovered that she had previously sold and conveyed the premises to her daughter, and knew when she conveyed to them that she had no title; "by means of which false and deceptive representations" they aver that they have suffered damage in the sum of one thousand two hundred dollars, for which amount they pray judgment. If the complaint had

been demurred to, on the ground that it improperly united two causes of action which could not be joined, or that it was ambiguous and uncertain, we are inclined to think the demurrer on either ground would have been well taken. But as the demurrer does not specify either of these grounds, they must be deemed to have been waived. If it be treated as a complaint for deceit, the demurrer for a defect of parties plaintiff was well taken. The alleged deceit, if there be any, was practised on Lawrence and Woodson jointly, for which they had only a joint cause of action; and the action is not only brought in the name of Lawrence alone, but there is no averment that he has succeeded to Woodson's right of action. The only allegation in this respect is that Woodson has " sold, transferred and assigned to plaintiff all his interest in said premises, acquired by said deed of conveyance from Mrs. Evoy, by a deed of conveyance duly executed and acknowledged;" but the complaint avers that Woodson acquired no title in the land, and of course could convey none to the plaintiff; and the action for deceit is a personal action, founded on fraud, and not upon any covenant in the deed running with the land.

Even though the implied covenants in the deed be as broad in their legal effect as the plaintiff claims them to be, they amount, at most, only to a covenant that " the grantor has not conveyed the same real estate, or any right, title, or interest therein, to any person other than the grantee;" "and that such real estate is, at the time of the execution of such conveyance, free from incumbrances, done, made or suffered by the grantor, or any person claiming under him; and such covenants may be sued upon in the same manner as if they had been expressly inserted in the conveyance." (Statutes 1855, p. 171.) But it is well settled that these are only personal covenants, and do not run with the land.

" The covenants of seizin and of a right to convey, and that the land is free from incumbrances, are personal covenants, not running with the land, or passing to the assignee; for, if not true, there is a breach of them as soon as the deed

is executed, and they become *choses in action* which are not technically assignable." (4 Kent. Com. 471. To the same effect are : *Clark* v. *Swift,* 3 Met. 390; *Bickford* v. *Page,* 2 Mass. 455; *Prescott* v. *Trueman,* 4 Mass. 627; *Thayer* v. *Clemence,* 22 Pick. 493; *Greeby* v. *Wilcocks,* 2 Johns. 1; *Hamilton* v. *Wilson,* 4 Johns. 72; *Kane* v. *Sanger,* 14 Johns. 89; *Chapman* v. *Holmes,* 5 Halst. 20; *Garrison* v. *Sandford,* 7 Halst. 261; *Garfield* v. *Williams,* 2 Vt. 327; *Mitchell* v. *Warner,* 5 Conn. 497; *Birney* v. *Hann,* 3 A. K. Marsh. 324; *Innes* v. *Agnew,* 1 Ohio, 389.)

.. It follows that, whether this action be based on the alleged direct or on the implied covenants in the deed, the cause of action was personal, and does not run with the land. If there was any cause of action, it accrued to Lawrence and Woodson jointly; and the subsequent conveyance from Woodson to Lawrence of whatever interest the former had in the *land,* does not, of itself, entitle the latter to maintain an action in his own name, either on the direct or for a breach of the implied covenants in the deed. We do not wish to be understood as deciding whether or not the deed in question is of a character from which such covenants would be implied; but assuming, for the purposes of the argument, that the deed is of that character, we hold that the cause of action, if any, accrued to Lawrence and Woodson jointly, and the complaint contains no averment that Woodson has assigned to Lawrence his interest in the cause of action. The demurrer to the complaint was, therefore, properly sustained, on the ground that there was a defect of parties plaintiff. This view of the case renders it unnecessary to decide the other points raised by the demurrer.

Judgment affirmed, and remittitur ordered to issue forthwith.