[No. 2,544.]

## FRANCIS SALMON ET ALS. v. MARIANO G. VALLEJO AND JOHN B. FRISBIE.

COVENANT IN DEED.—A covenant in a deed, that the tract conveyed, or that the grant under which it is held, includes a specific quantity of land, is a personal covenant, and does not run with the land, and a cause of action for the breach of it does not pass to the grantee of the covenantee.

COVENANT IN DEED—STATUTE OF LIMITATIONS.—A covenant in a deed that the tract conveyed contains a specific quantity of land, is a mere chose

in action, and is broken, if broken at all, as soon as made, and the mere fact that there was no proof till long after it was made, by which the breach of it could be established, might possibly prevent the statute of limitations from running—but this point not decided.

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

The plaintiff alleged in his complaint, that in 1845 the Mexican nation granted to Juan Nepomoceno Padilla a tract of land in the Department of Upper California, in what is now the County of Sonoma, called in the grant the Rancho Roblar de la Miseria, and that the grant belonged to the class called inchoate or imperfect grants, in this, that judicial possession was not given, nor was the grant segregated from the national domain until January 18th, 1858, when the same was segregated from the public domain of the United States, and the extent thereof for the first time ascertained, by a survey thereof by the United States, after a confirmation of the grant made in 1856. That, on the 1st day of April, 1850, the defendants, claiming to own the said rancho, sold the same to Daniel Wright and others, whose names are given, and executed a deed, in which they covenanted that the rancho contained four square leagues of land. That Wright and the other grantees had sold and conveyed the land to the plaintiffs, who, by virtue of the conveyances, had succeeded to the covenant, and were entitled to enforce the same. That, when the rancho was segregated from the public domain by the United States, it was for the first time ascertained, and the fact was and is, that it did not contain four square leagues, but only sixteen thousand eight hundred and eighty-seven and forty-five one hundredths acres, thereby falling short of the amount covenanted eight hundred and sixty-four and fifty-five one hundredths acres, and that the value of the land was fifteen dollars per acre. Judgment was asked for the breach. The suit was commenced September 16th, 1871. The Court below sustained the demurrer to the

complaint, and the plaintiffs' declining to amend, final judgment was rendered for the defendants. The plaintiffs appealed.

The other facts are stated in the opinion.

*John W. Dwinelle* and *James M. Seawell,* for Appellants.

The grant was an inchoate and imperfect grant. The lands were not segregated from the public domain. It could not be determined, until they were so segregated, what the quantity of land was. Statutes of limitations do not begin to run until a party is in a condition to sue. But until a final survey had been made, the plaintiffs were in no condition to sue, because it was the final, confirmed survey which not only established but created the fact that the covenanted amount of land fell short. Until the final, confirmed survey, not only could the plaintiff not establish the fact that a deficiency existed, but no deficiency did in fact exist, for the deficiency was the creature of the survey. The plaintiffs must therefore have failed in their action if they had brought it before the final, confirmed survey was made.

Every contract must be interpreted in reference to the condition of the subject matter. The subject matter here was the quantity of land. This was to be determined by the final location under a confirmed survey. The controlling event was therefore a finally confirmed survey. Until this final survey existed, no right of action accrued, and the statute of limitations did not begin to run. (Angel on Limitations, Sec. 115 [Day's edition, 1869]; *Johns* v. *Gilfillan,* 8 Minn. 395.)

*Wm. H. Patterson,* for Respondent.

The covenant for quantity is strictly analogous to a covenant of seizin, and of good right to convey, and was broken, if at all, the moment it was delivered. The quantity was contained in the grant made by the Mexican nation, or it

was not. If that quantity was lawfully granted under the treaty of Guadalupe Hidalgo, the United States was bound to confirm, protect, and segregate it to the successors in interest (plaintiffs), unless they failed to present their claim to the Land Commission. (11 East. 641; Rawle, 52, 82; 13 Missouri, 527; Platt on Cov. 135, 305.) The covenant, after it was broken, did not run with the land, and was not transferred by a deed of the land. (Rawle on Cov. 349; *Mitchell* v. *Warner*, 5 Conn. 597; 1 Pike, 322.)

By the Court, CROCKETT, J.:

One of the grounds of demurrer to the complaint was that it does not state facts sufficient to constitute a cause of action, and in support of this ground it is urged that the covenant sued upon was a personal covenant, and does not run with the land. This point is well taken. A covenant of seizin, or that the grantor has lawful right to convey, or that the land is free from incumbrances, is a personal covenant, and when broken is broken as soon as made. The right of action upon it is a mere chose in action, and does not run with the land. (*Lawrence* v. *Montgomery*, 37 Cal. 188.) A covenant that the tract conveyed, or that the grant under which it is held includes a specified quantity, stands on the same footing, and is broken as soon as made. It either did or did not contain the stipulated quantity, and the fact could not be changed by anything which subsequently transpired. The difficulty of ascertaining the fact does not touch the question of the nature of the covenant. If the deficiency could not be ascertained except by a final official survey under the decree of confirmation, that fact might possibly prevent the statute of limitations from running until the survey was made, though on this point I express no opinion. But the nature of the covenant remains the same, and is not affected by the fact that there was no proof by which the breach of it could

be established until the final survey was made. The breach existed as soon as the covenant was made; but the proof to establish it may not have been attainable until the final survey. The same difficulty might arise under a covenant of seizin, or against incumbrances, which, it is well settled, are personal covenants not running with the land. (*Lawrence* v. *Montgomery*, supra, and cases there cited.) For precisely the same reasons, the covenant in this case was a personal covenant, and the cause of action for a breach of it did not pass to the plaintiffs under the deeds to them from the original grantees.

Judgment affirmed.

WALLACE, J., concurring specially:

I concur in the judgment.