·TALLANT v. .THE CITY OF BURLINGTON.

1. **Municipal Corporations:** IMPROVEMENT OF STREETS. Chapter 45, Laws of the Fourteenth General Assembly (Sec. 466 of the Code), does not empower a city council to pass an ordinance for the construction of a sidewalk and for the levying of a tax upon abutting property to pay the cost of the same, unless a petition therefor is presented to the council, signed by a majority of the resident owners of the property abutting the street to be improved; without such petition, the improvement cannot be ordered or the tax levied by a vote of three-fourths of the members of the council.

2. ———: ESTOPPEL: INJUNCTION. That an owner of abutting property failed to enjoin the prosecution of an improvement upon a street, which was illegally ordered by the the city council, and paid an assessment for the same under protest, does not estop him after the completion of the work, to ask an injunction against the collection of a subsequent and further assessment for the same work.

3. ———. WHEN A TAX MAY BE RECOVERED. Under an ordinance subjecting a city to the liabilities imposed upon counties by Sec. 762 of the Revision, an action against the city will lie for the recovery of an illegal or erroneous tax, paid under protest.

*Appeal from Des Moines District Court.*

TUESDAY, OCTOBER 20.

THE plaintiff sues for the recovery of an assessment of $117.75, ordered by the City Council of the city of Burlington upon lot 911 owned by plaintiff, for macadamizing and curbing streets, which sum plaintiff paid under protest. Plaintiff also seeks to enjoin the collection of an assessment of $206.08, made on said lot on the 23d day of June, 1873, for the same purpose.

The court enjoined the collection of the last named tax, and rendered judgment in favor of plaintiff for the amount of the first and interest. Defendant appeals. The facts are stated in the opinion.

*A. H. Stutsman,* for appellant.

*Hall & Baldwin,* for appellee.

DAY, J.—I. Chapter 65, Laws of the Thirteenth General Assembly, provides that the city council or trustees of any incorporated city or town are empowered to provide an ordinance for the grading, paving or macadamizing of any street, avenue or alley, and for the construction and repair of gutters and sewers, and to provide by ordinance for the levy of a special tax upon the lots or parcels of ground fronting the improvement, to pay for the same.

Section 1, of Ordinance No. 27, is as follows: "That whenever the city council shall be satisfied that it is necessary or expedient to improve, by excavating, filling, paving, macadamizing or repairing, curbing or guttering, or by any other mode of improving any street, lane, avenue, alley, including sidewalk, wharf, market place, or other public place or highway, or any part thereof, within the corporate limits of said city; or to repair or renew the same, it having been improved by the same or other mode of improvement, it shall be lawful for the city council, by resolution describing the street, avenue, lane, or other place to be improved, and the character of the improvement, to order and direct such improvement, and require the cost and expense thereof to be levied and assessed as a special tax upon the lots, parcels of ground, or any part of either, fronting upon or lying along the street, avenue or lane to be improved, which said resolution shall be published at least once, with the other council proceedings, or otherwise, in some paper printed in said city, and all persons shall take notice thereof and make objection, if they have any, in writing, within seven days from the adoption thereof; and no objection to the validity of said resolution, or the right of said city to make said improvement and said levy, shall ever be made, unless the same shall have first been filed with the recorder of said city, at or before the next regular meeting of the council held after the adoption of said resolution."

About August 21st, 1871, the council ordered a portion of Locust street to be improved. The contract was let, and a portion of the contemplated work was completed, when the collection of the assessments made under said proceeding was

perpetually enjoined upon the petition of plaintiff and one Cook.

Pending this appeal Chapter 45 of the Fourteenth General Assembly was passed, repealing Chapter 65 of the Thirteenth General Assembly, and all other provisions, whether general or special, whereby a city or town is authorized to levy special taxes for the improvement of streets. Section two of this chapter is as follows:

" That the city council or trustees of any such incorporated city or town are hereby empowered and authorized to provide by ordinance for the constructing of the sidewalks, for the curbing, paving, graveling, or macadamizing of any street, avenue, or alley, or any part of either of the same, and for the construction of gutters. And that such city council or trustees shall have full power and authority to provide by ordinance for the levy of special tax upon the lots or parcels of ground, or any part of either of the same, fronting upon or lying along the street, avenue, or alley, which is to be improved, or is improved, under the powers conferred by this section, for the purpose of defraying the cost thereof: *Provided*, that no permanent sidewalk shall be laid, no paving, curbing, graveling, or macadamizing of any street, avenue, alley, or construction of gutters shall be ordered to be made, until such city council or trustees shall have presented to them a written petition, signed by a number of the owners of property abutting or lying along the contemplated improvement, equal to a majority of the resident owners of such property lying along the contemplated improvement, and subject to assessment for the cost thereof, except when the same shall have been ordered to be done by not less than three-fourths of the whole number of members composing such city council or trustees of any such incorporated city or town."

Under this statute the city passed an ordinance as follows:

" SECTION 2. Whenever a petition, purporting to be signed by a majority of the resident owners of property abutting the portion of any street, avenue, or alley, thereby asked to be paved, guttered, curbed, graveled, or macadamized, or for the

construction of a sidewalk thereon, shall be presented to the council, praying for such improvement, the same shall be referred to the city recorder, to report whether the same is signed by a majority of the resident owners of property abutting the proposed improvement. If he shall report that such majority have · signed such petition, then the council may order said improvement to be made, and the actual costs thereof, (except the street crossings), to be assessed to the real property abutting on the portion of the street, avenue, or alley sought to be improved. If he shall report that such majority has not signed the petition, the said improvement shall not be made at the expense of the adjoining property, unless the same is ordered to be done by an affirmative vote of not less than three-fourths of the whole number of members composing such council."

Thereupon, on the 11th day of November, 1872, the council, by a unanimous vote of all present, one being absent, adopted the following resolution:

" WHEREAS, It is expedient and necessary to improve Locust street from Main to Eighth street, by curbing, guttering and macadamizing the same; therefore be it

" *Resolved*, That said street be macadamized, curbed and guttered from Main to Eighth streets, and that the costs thereof be assessed to the real estate abutting upon said part of said Locust street, as provided by law and the ordinances of said city, and that the internal improvement committee be, and they are. hereby authorized to advertise for bids for said improvement, which bids shall be presented at the next meeting of the city council."

No petition signed by the resident owners of property abutting the improvement, asking that the improvement be made, was presented to the council, preliminary to the passage of this resolution. Under this resolution contracts were let, the work was completed, and the assessments in question were imposed.

It will be observed that Section 2, Chapter 45, of the Fourteenth General Assembly, empowers the city council to pass an ordinance for the constructing of sidewalks, etc. Subject to

the proviso or instruction that such improvement shall not

1. MUNICIPAL corporations: improvement of streets.

be ordered until a petition signed by a number of the owners of property abutting the comtemplated improvement, equal to a majority of the resident owners of such property, shall be presented to them, unless the improvement shall be ordered by not less that three-fourths the whole number of members composing the city council. In other words, the council may by ordinance provide for such improvement, first, when the petition above named is filed; second, without such petition, provided it is authorized by three-fourths the whole number of councilmen. This is the authority conferred upon the council by the act in question, which constitutes an amendment to the charter of the city. To what extent has this power been exercised? From an examination of the ordinance in question, it will be seen that it makes no provision for ordering such improvement without the petition above named. For some cause the council saw fit not to exercise in full the powers which might have been exercised, under this amendment of the charter. The ordinance provides for the action of the council, only when a petition purporting to be signed by a majority of the resident property owners abutting the improvement, shall be presented to them praying for the improvement. Such petition shall then be referred to the City Recorder. If he reports that such majority have signed the petition, the council may, by a bare majority vote, order the improvement. If he reports that such majority has not signed the petition, then such improvement shall not be made at the expense of adjoining property, unless it is ordered by a vote of not less than three-fourths of the whole number of members composing the council. This is the course which the city has prescribed, and by this provision the validity of its acts must be determined. It follows, that the requisite petition not having been presented, there was no authority to order this improvement at the expense of the adjoining property owners, and that the assessments in question are invalid.

It is claimed, however, that under section one, of ordinance number twenty-seven, above set out, the objection to the valid-

ity of the proceeding must be made in writing, and filed with the recorder within seven days, or it is waived. A careful examination of this section will show that its application is but special. It does not prescribe the course to be pursued respecting any resolution, or all resolutions that may be passed regarding the improvement of streets. It applies only to such resolution as is authorized by that section. This is apparent from the language employed. It shall be lawful for the city council by resolution to order and direct such improvement, which said resolution shall be published at least once, and no objections to the validity of said resolution shall be made unless filed with the recorder, at or before the next regular meeting. The resolution in question was not adopted under, nor in the manner prescribed by this ordinance, and it does not fall under its provisions in this particular.

It is further claimed that plaintiff is equitably estopped, because she permitted the work to be completed before she commenced this action. The evidence shows that she enjoined the collection of assessments under the first contract. That by her agent she protested against the work being done, and presented a remonstrance against it to the city council, and spoke to the mayor about it, who said they were doing the work under a different arrangement. That plaintiff's husband, who was her agent, repeatedly remonstrated after that, and told them he should never pay anything unless made to do it by law, and that one assessment was paid under protest, to avoid being annoyed and reported as a delinquent, and that the council were informed an effort would be made to recover it. Plaintiff did all that she was required to do. Having protested and remonstrated, she was not obliged to enjoin the prosecution of the work. She might well leave the city to proceed with the improvement, and to provide in some other manner the means, of paying for it. The collection of the assessment of $206.08 was properly enjoined.

II. Section 24, ordinance number 32, of the Revised Ordinances of the City of Burlington, is a copy of section 762 of the Revision, with such changes only as are necessary to adapt the provision to a city form of government. In *Lauman v. The County of Des*

2. ——: estoppel: injunction.

3. ——: ——: when a tax may be recovered.

*Moines*, 29 Iowa, 310, it was held that this section authorizes the recovery from a county of an illegal or erroneous tax, which has been paid. The ordinance above named subjects the city of Burlington to the same liabilities as Sec. 762 of the Revision, imposes upon counties. The tax in question was imposed without authority, and was paid under protest. It may therefore be recovered under the section of the ordinance above referred to. It is claimed, however, that the tax was not received by the city for its own use, but for the use of the contractors. It is true the contractors were entitled to the tax when it was collected, but they were entitled to it only because of their contract with the city. The city did not act as the mere agent or instrument to assess and collect money for the benefit of the State, or other public corporation or person. The city assessed this tax for the purpose of procuring an advantage to itself, through the proposed improvement, and the money was collected for its own use, although it was to be paid to the persons making the improvement. In view of the ordinance in question, there was no error in rendering judgment for plaintiff for the amount paid.

AFFIRMED.