Robinson v. The City of Burlington.

ROBINSON v. THE CITY OF BURLINGTON.

1. **Municipal Corporation**: IMPROVEMENT OF STREETS : ASSESSMENT. Where the plaintiff sought to recover of a city under an ordinance requiring the city to refund taxes erroneously levied, it was *held* that the fact that plaintiff saw the improvement, for which the tax was levied, being made without protest, would not estop him to deny the validity of the assessment, it not appearing that he knew it was the intention to assess adjacent property for its cost; nor would the fact that he paid the first instalment of the tax without protest preclude a recovery, a protest not being required by the terms of the ordinance.

Robinson v. The City of Burlington.

*Appeal from Des Moines District Court.*

FRIDAY, DECEMBER 13.

ACTION to recover the amount of a special assessment alleged to have been wrongfully collected from the plaintiff by the defendant. The special assessment was made for the cost of improving a street in front of the plaintiff's property. The alleged invalidity is based upon the fact that the resolution ordering the improvement did not direct that the cost should be assessed upon the lots fronting on the street improved, as should have been done, according to the ordinance under which the resolution was passed. The defendant denies that the assessment was invalid, and avers that if invalid the work was done with the plaintiff's knowledge and consent, and that he is estopped from denying the validity of the assessment, and furthermore that the plaintiff paid the assessment without protest. There was a trial without a jury, and judgment for the defendant. Plaintiff appeals.

*Hall & Baldwin*, for appellant.

*C. L. Poor*, for appellee.

ADAMS, J.—That the assessment was irregular and invalid we think there is no doubt. Counsel for the defendant do not

1. MUNICIPAL corporation: improvement of streets: assessment.

contend that it was not. But they say that the plaintiff ought not to recover because he saw the improvement while being made, and made no objection thereto. If such is the fact, and the plaintiff knew that it was the intention of the council to assess the cost upon abutting lots, it appears to us that he should be regarded as estopped. *Weber v. San Francisco*, 1 Cal., 455; *Kellogg v. Ely*, 15 Ohio State, 64. It is insisted by the plaintiff that this cannot be so, because he had no power to enjoin the improvement. It may be true that the city had the right to make the improvement if it saw fit, and that the plaintiff could not

enjoin it, but it does not follow that he should not have objected to the work being done at the expense of his lot after he understood that it was the intention of the council that it should be so done. The work was for his special benefit. It was an improvement to his lot, and not the less so because a general benefit accrued to the public. It is upon the theory of a special benefit that a special assessment is allowable. When, therefore, a lot owner sees work done with knowledge that a special assessment is to be made, and does not object, it appears to us that he should not be heard to question the regularity of the assessment.

The plaintiff insists, however, that he did object. He insists that he paid under protest, and that that is sufficient. If he made a payment under protest, before the completion of the work, such protest we think might be deemed sufficient objection to the further prosecution of the work at the expense of his lot. What, then, is the fact as to payment under protest? The evidence upon the point is conflicting, and the judgment of the court must be assumed to be correct so far as this point is concerned. It seems to be undisputed that some objection to the work was communicated to the contractor, but that was not a communication to the city.

Holding, then, that the lot was properly chargeable for work done without the plaintiff's objection, after he had knowledge that it was the intention of the council to assess it, we have to inquire when he obtained such knowledge. He did not obtain it from the resolution by which the work was ordered, for that, as we have seen, did not provide for the assessment of the cost upon the abutting lots. The only evidence as to when he obtained the knowledge is the testimony of the plaintiff himself. He says: "The first I was aware the improvement was being made by special assessment was in December, 1871, when the authorities presented a bill for the first assessment." Prior to that time the plaintiff cannot be said to have consented to the work being done at the expense of his lot. The first bill, it appears, was for twenty-four dollars and thirteen

cents.    To that the plaintiff's want of objection to the work cannot be said to apply.    Is he, then, entitled to recover that amount?    He did not, as we have seen, pay it under protest. At least, under the evidence and judgment of the court we must assume that he did not.    The defendant insists that this fact must preclude a recovery.

The plaintiff relies upon section 24, title 32, Revised Ordinances, which is as follows:    "In all cases when any person shall pay any taxes, interest or cost, or any portion thereof, that shall hereafter be found to be erroneous or illegal, whether the same be owing to erroneous or improper assessment, to improper or irregular levying of the tax, or to clerical or other errors or irregularities, the city council shall, upon being satisfied of such error, direct the treasurer to refund the same to the tax payer."

It is not expressly provided that an illegal tax shall be refunded only in case it is paid under protest, and we see no reason for grafting such a provision upon the ordinance by construction.    The only doubtful question is as to whether the word *taxes*, as therein used, should be construed as covering special assessments.    As showing that it should not, the defendant cites Dillon on Municipal Corporations, §§ 599 and 602, and Cooley on Taxation, 147.    This court, however, has already given a construction to the ordinance in a case where the legality of the same assessment was involved.    *Tallant v. The City of Burlington*, 39 Iowa, 543.    It appears to us, then, that the plaintiff is entitled to recover at least the amount of the bill first paid.    For error in disallowing it the case is

REVERSED.