[S. F. No. 1463. Department One.—December 27, 1900.]

LILLIAN M. McPIKE et al., Respondents, v. WARREN D. HEATON, Appellant.

DEED OF GRANT—IMPLIED COVENANT AGAINST TAXES.—The covenant against encumbrances implied from a deed of grant embraces taxes levied for the fiscal year succeeding the date of the grant, which were a lien upon the land as of the first Monday of March preceding the date of the grant.

ID.—PERSONAL COVENANT—ACTION BY SUCCEEDING GRANTEE.—The covenant implied against the encumbrance of such taxes is a personal covenant, as would be any covenant against encumbrances, express or implied, which does not run with the

land, or pass to an assignee or succeeding grantee. A succeeding grantee who has paid the taxes cannot maintain an action against the first grantor upon the covenant implied from his deed of grant.

Id.—Personal Liability of Owner of Land—Remedy Against Land. There is no personal liability of the owner of land to pay the taxes levied and made a lien thereupon; and the payment of such taxes can be enforced only by a sale of the land in the mode prescribed by statute.

Appeal—Death of Appellant After Submission—Reversal—Nunc Pro Tunc.—Where the appellant dies after the submission of the appeal and the judgment is reversed, the judgment of reversal will be entered *nunc pro tunc* as of a date prior to the death.

APPEAL from a judgment of the Superior Court of Alameda County. W. E. Greene, Judge.

The facts are stated in the opinion of the court.

Davis & Hill, and Warren Heaton, for Appellant.

Dunne & McPike, for Respondents.

HARRISON, J.—The defendant was the owner of the undivided half of a certain tract of land in Alameda county on the first Monday of March, 1897, and for many years prior thereto, and on March 24, 1897, he made a grant, bargain, and sale deed of his interest in the land to one Jackson. On the next day Jackson conveyed the land to the plaintiffs by a grant, bargain, and sale deed, and the plaintiffs have since remained the owners thereof. The land was assessed to the defendant for the purposes of revenue for the fiscal year commencing July 1, 1897, and taxes were levied thereon for that year by the city of Oakland and the county of Alameda, and on November 29, 1897, the plaintiffs, for the purpose of removing the lien of these taxes from said land, paid the same to the proper officers, amounting to four hundred and twenty-four dollars and eighty-three cents. The present action is brought to recover from the defendant the amount thus paid. Judgment was rendered in favor of the plaintiffs, and the defendant has appealed.

By section 3718 of the Political Code the taxes which were paid by the plaintiffs were a lien upon the land, and attached thereto as of the first Monday of March of that year, and the covenant implied from the defendant's grant of the land, that

the estate conveyed by him was at the time of such conveyance free from all encumbrances done, made, or suffered by him (Civ. Code, sec. 1113), embraces the lien of these taxes. Such covenant was, however, a personal covenant of the same character as would be a covenant against any other encumbrance, and the rule is of ancient authority that a covenant that the land conveyed is free from encumbrances, whether express or implied, does not run with the land or pass to the assignee. (*Lawrence v. Montgomery*, 37 Cal. 183.) The plaintiffs had no contractual relation with the defendant, and his covenant with Jackson did not pass to them. They could have protected themselves against these taxes either by assuming their payment as a part of the consideration for the purchase, or by suitable covenants with Jackson, but they have no right of action therefor against the defendant. *San Gabriel etc. Co. v. Witmer etc. Co.*, 96 Cal. 623, cited by the respondents, involved a consideration of the relative obligations between a mortgagee and the owner of the land mortgaged, by reason of the peculiar provisions of the constitution in reference to the assessment and payment of taxes upon these respective interests in the land, and was determined upon the ground that by virtue of these provisions there is a personal obligation upon the mortgagee in favor of the mortgagor for the payment of the taxes assessed upon the mortgage, and that if these taxes are paid by the owner of the land he may reimburse himself therefor, either by deducting the amount from the mortgage debt, or in a separate action therefor. There is, however, no personal obligation upon the owner of land for the taxes levied against it, and the payment of such taxes can be enforced only by a sale of the land in the mode prescribed by the statute. The defendant was under no personal liability for the taxes paid by the plaintiffs, and the case cited is not applicable to the present case.

The judgment is reversed, and, the appellant having died since the submission of the appeal, the judgment of reversal will be entered *nunc pro tunc* as of August 24, 1900.

Van Dyke, J., concurred.

GAROUTTE, J., concurring.—At the oral argument of this cause I was impressed with the soundness of respondents' posi-

tion, but upon further consideration my opinion has undergone a change. Respondents say: "Suppose Heaton's deed to Jackson had been a mere quitclaim instead of a bargain and sale, would Jackson's right of recovery, if he had continued to be the owner on the date of the delinquency of the tax, and had then paid it, been lessened in the least?" I am satisfied an affirmative answer to this question must be returned. In the absence of some covenant from Heaton, Jackson, under a quitclaim deed, would take the land just as it was, regardless of the nature of the title, or the number or character of liens resting upon it. If the lien upon the land had been a judgment or mortgage lien, and Heaton had given Jackson a quitclaim deed, Jackson would have had no claim against Heaton; and the fact that the lien here was one for taxes, rather than that of a mortgage, judgment, or attachment lien, cannot affect the principle involved. It seems to be conceded by respondents that they are in no better position than Jackson would be under a quitclaim deed from Heaton. And as we have seen, Jackson, under those circumstances, would have no recourse against Heaton for liens resting upon the land at the time Heaton gave his quitclaim deed.

I concur in the views expressed by Mr. Justice Harrison, and also in the judgment of reversal.