W. B. CARTER, Appellee, v. GEORGE CEMANSKY, Appellant.

**Municipal assessments:** QUIETING TITLE. Where a municipal assessment is void, the plaintiff in an action to quiet title against a tax sale thereunder is not required, as a condition precedent to his right of action, to offer to pay that part of the tax which may be found valid; it will be sufficient if this is done when a right is asserted under the certificate of sale.

**Objection to assessment.** A property owner is not required to appear before the city council and object to a municipal assessment for an unauthorized improvement in order that he may contest the validity of an alleged tax based thereon.

**Estoppel.** The payment of an installment of a void assessment by one under whom plaintiff claims title, will not estop him from contesting the validity of the tax; nor will the fact that plaintiff's remote grantor took title " subject to all incumbrances of record " operate as an estoppel against him.

**Deeds:** RECITALS: ESTOPPEL. The recital in a deed that it is " subject to all incumbrances of record " means subject to valid incumbrances, and the same will not estop the owner from questioning an invalid municipal assessment.

**Municipal assessments:** BENEFITS: LACHES. Where a municipal assessment for grading a street is wholly void, the property owner is not liable for benefits conferred; nor will delay in suing to quiet title against the assessment constitute a defense to that action.

*Appeal from Woodbury District Court.*— HON. GEORGE W. WAKEFIELD, Judge.

THURSDAY, FEBRUARY 9, 1905.

SUIT in equity to quiet plaintiff's title to a certain lot in the city of Sioux City, as against defendant's claim under a certificate of purchase of the same at tax sale. Defendant filed an answer and cross-bill asserting the validity of his certificate, and making claim for subsequent taxes paid by him on the lot. He also asked that, if the certificate be declared invalid, he be given an equitable lien upon the property for the amount of the taxes paid by him. Plaintiff denied the validity of the taxes, and pleaded the illegality of the certificate of purchase. The case was tried to the court, resulting in a decree for the plaintiff, and defendant appeals.— *Affirmed.*

*Shull & Farnsworth,* for appellant.

*F. B. Robinson,* for appellee..

DEEMER, J.— From the years 1888 to 1892, inclusive, one Jandrey owned the lot above referred to. This lot abutted upon Twelfth street, in the city of Sioux City. Dur-

ing the time that Jandrey was the owner thereof, the city ordered this street, as well as another abutting upon the property, and also an alley in the rear thereof, graded and filled, and thereafter assessed against the lot something near $500, as its proportion of the expense of grading and filling Twelfth street. The taxes were made payable in five instalments, and confirmed as a lien against the lot. Notice was given as by statute provided for proper street improvements, but Jandrey did not appear or make any objection to the work or to the assessment. An assessment of $20 was also made for grading the other streets. In 1892 Jandrey conveyed the lot to one Atwater, who took "subject to all special assessments." Before conveying to Atwater, Jandrey had made a mortgage on the lot to a trust company. The trust company foreclosed this mortgage, and became the purchaser at the sale. It subsequently quitclaimed its interest in the lot to the Fidelity Land Company, "subject to all incumbrances of record," and the land company conveyed the same to Statter. Statter, in turn, conveyed to the plaintiff. So that plaintiff traces his title through the foreclosure of the mortgage given by Jandrey. Some one paid two instalments of these special assessments, but it does not appear that they were paid by Jandrey, or by any one through whom plaintiff traces title. Defendant's certificate included sidewalk taxes assessed against the property amounting to $12.90 ( not including interest or penalty), and he also paid valid taxes amounting to something over $18. These taxes are conceded to be valid, and plaintiff alleges that on April 22, 1903, which was after defendant's cross-bill was filed, he tendered the amount thereof, and that he (defendant) refused to receive the same. He also averred a readiness to pay the same in the answer filed by him to the cross-petition, offered and tendered the same into court, and thereafter paid the amount thereof, with interest and penalty, to the county auditor. He also offered to pay the costs of this suit down to the time the tender was made. In the decree rendered

by the trial court he was ordered to pay the costs in accord with the terms of his offer.

Defendant concedes that the grading tax was and is invalid, but he relies upon various technical matters to defeat plaintiff's action. Among other things, he says that, as plaintiff did not offer to pay the valid part of the tax at the time of or before he brought his suit, he cannot now be heard to question the certificate. True, plaintiff did not, when he brought his action and filed his petition, make this offer or tender; but, as soon as defendant asserted a right under his certificate he (plaintiff) not only made a tender, but expressed a readiness in his answer to the cross-petition, to pay whatever amount he should be held liable for, and tendered the amount of the valid part of the tax into court, as stated. This is all he was required to do. *Corning v. Davis,* 44 Iowa, 622; *Parker v. Cochran,* 64 Iowa, 757.

1. Municipal assessments: quieting title.

Again, it is argued that plaintiff is estopped from questioning the certificate for the reason that Jandrey made no objection to the tax, because the owner paid part of the installments thereof for the reason that the conveyances were made subject to special assessments and incumbrances, and lastly for the reason that no one objected thereto more than 10 years after the assessments were levied. There is no showing that Jandrey had any other notice of the work done, or of the assessment against his property, than the ones usually given for street improvements. As the improvement was unauthorized, and the tax invalid and void, he was not bound to appear before the city council to make objections thereto. *Gallaher v. Garland,* 126 Iowa, 206.

2. Objection to assessment.

It is not shown that any one under whom plaintiff claims paid any of the installments of taxes assessed against the property. Hence there is no estoppel here. *Fitzgerald v. Sioux City,* 125 Iowa, 396. Had they done so, plaintiff would not be estopped thereby.

3. Estoppel.

*Tallant v. Burlington,* 39 Iowa, 543; *Robinson v. Burlington,* 50 Iowa, 240. This is the holding everywhere, as we understand it.

Plaintiff did not take his title subject to all special assessments. The only reference to the matter in any of the deeds in his chain of title is " subject to all incumbrances of record." And this was in the deed of a

4. DEEDS: recitals; estoppel.

remote grantor, and, even if binding upon him, would not estop him from questioning an invalid and void tax. The recital, " subject to all incumbrances," without more, does not estop a grantee from pleading the invalidity of any such incumbrances. It means no more than " subject to all valid incumbrances," and was introduced no doubt to avoid action for beach of covenant, express or implied. As the assessment was wholly invalid, neither plaintiff nor any of his grantors was required to bring action to set it aside, nor was he bound to give notice of the invalidity thereof to any one. *Harrison v. Sauerwein,* 70 Iowa, 291.

II. As to defendant's counterclaim: It is argued that he is entitled to recover the value of the improvement on the theory of benefits conferred. As the property could not

5. MUNICIPAL ASSESSMENTS: benefits; laches.

be made liable for the expense of grading a street, and the attempt to make it so was wholly void, there can be no recovery for benefits conferred. This is fundamental, requiring no citation of authority. As no reassessment could be made, plaintiff's laches in bringing suit should not deprive him of his remedy. The city had no authority to assess the property for the expense of grading the street. *Gallaher v. Garland, supra.*

The decree seems to be correct, and it is *affirmed.*