[Civ. No. 27543.   Second Dist., Div. Four.   Mar. 13, 1964.]

JERRELL BABB et al., Plaintiffs and Appellants, v. ROSE L. WEEMER, Defendant and Respondent.

Jerrell Babb, in pro. per., for Plaintiffs and Appellants.

Thomas S. Bunn, Jr., and Wiley D. Bunn for Defendant and Respondent.

BURKE, P. J.—Plaintiffs, Attorney Jerrell Babb and his wife, Joan Babb, brought an action against defendant Rose L. Weemer (formerly known as Rose L. Snell) for damages for the alleged breach of an implied covenant in a grant deed and to recover certain costs paid by plaintiffs to prevent foreclosure by defendant of a second trust deed held by defendant upon the subject real property. The trial court entered judgment in favor of defendant and against plaintiffs on both counts, from which judgment plaintiffs appeal.

Defendant formerly owned the subject property, and, on July 5, 1956, executed a promissory note, and deed of trust securing the payment thereof, to secure an indebtedness in the sum of $5,400 in favor of a lending institution.

On March 17, 1958, defendant conveyed the subject property by grant deed to Charles Rosette and Christine M. Rosette (Rosettes). In conjunction with this sale Rosettes executed their promissory note in the approximate amount of $3,250 in favor of defendant and imposed a second deed of trust upon the subject property to secure the payment thereof. This deed of trust was a purchase-money second deed of trust as set forth in the escrow instructions pertaining to the sale between the parties.

On June 8, 1960, Rosettes entered into an agreement of sale of the subject property to plaintiffs and evidenced their agreement by a written memorandum which, after acknowledging receipt of a deposit of $50, recited as follows:

"The total purchase price is to be $10,150 & no/100 leaving a balance of $10,100 no/100. Said balance of Ten Thousand One Hundred Dollars (10,100 no/100) less the total of all present encumbrances, approximately in the amount of $8,975 no/100, leaving a balance of approximately $1125 no/100 shall be paid by Cashiers Check as soon as purchaser, said Jerrell Babb can obtain a policy of Title Insurance at his own expense, and for which he is to receive a Grant Deed subject to encumbrances in above amount. The undersigned agree to surrender possesstion [*sic*] of the premises to purchaser at any time within 10 to 20 days on 5 days notice by purchaser that he is able to procure title policy and is ready to pay the said sum of approximately $1125 00/100 in return for grant deed executed by the undersigned.

> /s/ Charles Rosette
> /s/ Christine M. Rosette"

This memorandum was prepared by a Mr. Fredman who was acting as an agent for plaintiffs.

On June 18, 1960, Rosettes conveyed the real property to plaintiffs by a grant deed which contained the proviso that the property was conveyed to plaintiffs "subject to encumbrances and easements of record."

Between the time of the execution of the memorandum of sale, June 8, and the execution of the grant deed, June 18, 1960, plaintiff Babb "made it a point to know about all these documents. ...." In other words, he searched the records and found the first trust deed of record and found the subsequent encumbrance which indicated that there was a total of approximately $9,000 in encumbrances outstanding against the property, which was within a few dollars of the amount of the total outstanding encumbrances stated by Rosettes in their memorandum of sale. Consequently, the recorded documents substantiated the seller's representations to the purchaser with respect to the encumbrances outstanding against the property. However, Attorney Babb's check of the records also revealed what he evidently felt was a flaw in the proceedings, which he contends he is entitled to take advantage of. Noteworthy was the opening phrase in his oral argument to the effect that he is entitled to have the case decided under the applicable provisions of the statutory law and not in accordance with "the Golden Rule" which latter code, he asserted, in effect, is subject to individual interpretations. A review will indicate that he has reason to be reluctant to have the matter determined under the Golden Rule; however,

neither does the application of the statutory rule afford him any shelter.

Plaintiff Babb's search indicated that the grant deed by which defendant sold the property to Rosettes contained no specific reference to the first trust deed and therefore carried with it an implied covenant that the property was free of any encumbrance placed upon it by defendant as seller. He asserts this implied covenant runs with the land and inures to the benefit of plaintiffs; that this implied covenant was breached, in that defendant had placed the first trust deed upon the property, and therefore that plaintiffs, as subsequent purchasers, have a cause of action for damages against defendant to the extent of the amount due on the first deed of trust.

Plaintiffs rely upon the provisions of Civil Code section 1113 relating to the implied covenants which follow from the use of the word "grant" in any conveyance, unless restrained by express terms contained in the conveyance. Plaintiffs make the foregoing contentions even though, admittedly, they had actual as well as constructive knowledge of the existence of the first·trust deed at the time they purchased the property from Rosettes and the deed by which the property was conveyed to them by Rosettes expressly stated the property was being conveyed to them "subject to encumbrances and easements of record."

It is plaintiffs' view that the effect of the grant deed from defendant to Rosettes was to covenant that the property conveyed to Rosettes was free and clear of the first trust deed and that this implied covenant in the deed runs with the land for the benefit of plaintiffs as subsequent grantees of the property. ██ It is well settled, however, that covenants that land is free from encumbrances are personal covenants not running with the land and that they do not entitle a succeeding grantee to maintain an action in his own name for their breach. (*Woodward* v. *Brown,* 119 Cal. 283, 294 [51 P. 2, 542, 63 Am.St.Rep. 108] ; *Lawrence* v. *Montgomery,* 37 Cal. 183, 188; *Cohen* v. *Citizens Nat. Trust etc. Bank,* 143 Cal.App.2d 480, 485 [300 P.2d 14].)

██ Section 1113 of the Civil Code establishes the implied covenants flowing from the use of the word "grant" in a conveyance. Generally, the section has two applications: (1) to the covenant that the grantor has not conveyed out to others prior to the instant grant, and (2) that the grantor has not suffered any encumbrance to be placed upon the property. The second application is the one with which we are

concerned here. ■ A trust deed is construed as an "encumbrance" and not a transfer of an interest in the fee. (*Hollywood Lumber Co.* v. *Love*, 155 Cal. 270 [100 P. 698].) In *Lawrence* v. *Montgomery, supra,* 37 Cal. 183, 188, the court declared the covenant against "encumbrances" is a personal covenant and does not run with the land or pass to the assignee.

■ In *McPike* v. *Heaton,* 131 Cal. 109, 111 [63 P. 179, 82 Am.St.Rep. 335], the court, after citing the implied covenant provision of Civil Code section 1113, stated, ". . . and the rule is of ancient authority that a covenant that the land conveyed is free from encumbrances, whether express or implied, does not run with the land or pass to the assignee. [Citation.] The plaintiffs had no contractual relation with the defendant, and his covenant with Jackson did not pass to them."

Section 1113 was enacted in 1872 and has never been amended. It was in effect when *McPike* v. *Heaton, supra,* was decided in the year 1900 and contained the same opening paragraph upon which appellant here relies, *i.e.,* that implied covenants of the grantor under the section extend to the grantee and to *his assigns.* Notwithstanding this language, the court's interpretation in *McPike* is that implied covenants as to *encumbrances,* as distinguised from *conveyances,* do not run with the land.

The court received in evidence the escrow instructions between defendant and Rosettes which expressly recited that the property was being sold to Rosettes subject to the first trust deed. Consequently, there was no misrepresentation or misunderstanding between the parties to that transaction. Plaintiffs, however, assert that whatever understanding they may have had in their written agreement of sale the deed itself is obviously at variance with the terms of their written agreement and the deed must be the sole guide for measuring and determing the rights of the parties thereunder, and furthermore that it is no defense to an action for breach of his covenant that the grantee had notice of the encumbrance at the time he took title, citing *Sisk* v. *Caswell,* 14 Cal.App. 377, 388 [112 P. 185]. The latter case, however, dealt with an easement for a visible irrigation ditch, not a mortgage or trust deed, and the language thereof, relied upon here, was obiter dictum.

In neither the latter case nor in *Blackwell* v. *Atkinson,* 14 Cal. 470, is there any support for plaintiffs' position that the grantor's liability under a grant deed is not personal to his

immediate grantee but extends to remote, subsequent grantees. In *Blackwell* the court was concerned with the warranty of title to a mining claim. Thus, it was dealing with an express warranty that the vendor owned what he was purporting to sell. In such a case the covenant of warranty runs with the land and the liability of the vendor is not exclusively to his vendee. He is bound by his covenant to defend the title or pay the value of the land. These cases relate to the chain of title and not to liens or encumbrances and have no application to the implied covenant against encumbrances made by the grantor, which type of covenant is referred to in Civil Code section 1113, subdivision 2.

Plaintiffs have no cause of action whatever against defendant. Admittedly, they took the property from the Rosettes expressly ''subject to encumbrances and easements of record'' and, in addition, had actual knowledge of the trust deed which they now would avoid. They seek a windfall from the fact that the grant deed to their predecessors in interest contained no express reference to the first trust deed.

In a belated supplemental brief plaintiffs contend authority for their position is embodied in *Carter* v. *Cemansky*, 126 Iowa 506 [102 N.W. 438, 439]; and *Von Meding* v. *Strahl*, 319 Mich. 598 [30 N.W.2d 363, 369]. In *Von Meding* the question is asked: ''What is meant by the recital 'subject to all easements of record for right of way to and from the beach' in plaintiffs' deed? We are of the opinion what was meant was 'subject to all *valid* easements of record.' See *Carter* v. *Cemansky*, 126 Iowa 506 [102 N.W. 438, 439], wherein it was said:

'' 'The recital, ''subject to all incumbrances,'' without more, does not estop a grantee from pleading the invalidity of any such incumbrances. It means no more than ''subject to all valid incumbrances,'' and was introduced no doubt to avoid action for breach of covenant, express or implied.' ''

Such authorities are completely irrelevant to the instant case as they concerned encumbrances that were invalid. Here, the encumbrance of which plaintiffs complain was and is a completely valid first lien on the property representing a money loan to the prior owner. It contains no infirmity, and the grant deed by mere omission of reference thereto could impart none.

There can be no implied covenant where the subject matter is expressly agreed upon by the parties to the contrary. (*Lippman* v. *Sears, Roebuck & Co.*, 44 Cal.2d 136 [280 P.2d 775]; *Cousins Investment Co.* v. *Hastings Clothing Co.*,

45 Cal.App.2d 141, 149 [113 P.2d 878].) ■ When the Rosettes acquired the property from Snell by the grant deed which failed to mention the existing trust deed the express written contract of sale between the parties, contained in the escrow instructions, fully set forth the existence of the trust deed which was a determining factor in the purchase price. No damages for any purported breach of covenant could have been asserted then by the Rosettes, and none may be asserted now by plaintiffs who took title expressly subject to all encumbrances of record. ■ "Summarized, therefore, the rule deducible from the foregoing authorities controlling the exercise of judicial authority to insert implied covenants may be stated as follows: (1) the implication must arise from the language used or it must be indispensable to effectuate the intention of the parties; (2) it must appear from the language used that it was so clearly within the contemplation of the parties that they deemed it unnecessary to express it; (3) implied covenants can only be justified on the grounds of legal necessity; (4) a promise can be implied only where it can be rightfully assumed that it would have been made if attention had been called to it; (5) there can be no implied covenant where the subject is completely covered by the contract." (*Cousins Investment Co.* v. *Hastings Clothing Co., supra,* 45 Cal.App.2d 141, 149; Civ. Code, § 1648.)

■ Plaintiffs contend that certain findings of the trial court are without support in the evidence. Such contention is correct with respect to finding II wherein it is stated that a consolidation agreement combining two loans was recorded. However, such finding is immaterial to the issues on appeal and may be disregarded.

■ Plaintiffs' position is entirely without merit. The appeal from the judgment in the action is deemed by this court to be frivolous and, particularly since plaintiff Jerrell Babb is a practicing attorney, a penalty assessment against appellants is indicated as provided in rule 26(a) of the California Rules of Court.

Judgment is affirmed, and plaintiffs are ordered to pay to defendant the sum of $500 attorney's fees as a penalty in addition to costs of appeal.

Jefferson, J., and Kingsley, J., concurred.

A petition for a rehearing was denied March 30, 1964, and appellants' petition for a hearing by the Supreme Court was denied May 6, 1964.